IN THE UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NADIR K. DURRANI, § § § Plaintiff, § § VS. § § GUIDEONE NATIONAL INSURANCE § COMPANY, § § Defendant. § | CAUSE NO. _____ |

## NOTICE OF REMOVAL

Defendant GuideOne Insurance Company ("Defendant"), incorrectly named as GuideOne National Insurance Company, files this Notice of Removal of the civil action filed against it by Plaintiff Nadir K. Durrani ("Plaintiff") to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, on the basis of the following facts, which demonstrate the existence of diversity in jurisdiction in this Court. Defendant respectfully shows the Court as follows:

### I.   The State Court Proceeding

1. Plaintiff filed his Original Petition on August 12, 2021, against Defendant in the 113th Judicial District Court of Harris County, Texas, Cause No. 2021-50118.[1]

2. In his Original Petition, Plaintiff asserts claims of unlawful age, race, color, religion, and national origin discrimination and retaliation against Defendant under the Texas Commission on Human Rights Act.

3. Defendant was served with process on September 3, 2021.

---

[1] Exhibit B (Original Petition).

1

4.  No further proceedings have taken place in the state court.

5.  The time within which Defendant is required by the laws of the United States, 28 U.S.C. § 1446(b), to file this notice of removal has not yet expired.

## II.  Removal Based on Diversity Jurisdiction

6.  This Court has diversity jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different States, and the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

7.  Plaintiff pleads he is a resident of Texas.

8.  Defendant GuideOne Insurance Company is a foreign corporation its principal place of business located at 1111 Ashworth Road West, Des Moines, IA 50265-3538. Thus, Defendant is a citizen of Iowa for purposes of diversity jurisdiction.[2] GuideOne Insurance Company is a wholly-owned subsidiary of GuideOne Insurance Group, Inc., which is an Iowa corporation with a principal place of business in Iowa. As a result, complete diversity exists between the parties.

9.  Where, as here, the petition does not set forth a specific amount in controversy, the removing defendant must show by a preponderance of the evidence that the controversy exceeds $75,000. *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014); *Knowles Pub. V. Am. Motorists Ins. Co.*, 248 F.3d 1139, 2001 WL 85914 at *2 (5th Cir. 2001); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A court can determine that removal is proper "if it is facially apparent that the claims are likely above [$75,000]." *Scarlott*, 771 F.3d at 888; *De Aguilar*, 11 F.3d at 57; *Allen*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Luckett v. Delta Airlines*, Inc., 171 F.3d 295, 298 (5th Cir. 1999). If

---

[2] The entity named by Plaintiff, GuideOne National Insurance Company, is a subsidiary of GuideOne Property and Casualty Insurance Company, which is owned by GuideOne Insurance Company and GuideOne Specialty Insurance Company. All are Iowan entities with principal places of business in Iowa. Thus, all are citizens of Iowa for purposes of diversity jurisdiction.

2

it is not "facially apparent" that the claims exceed $75,000, "a removing attorney may support federal jurisdiction by setting forth the facts in controversy - - preferably in the removal petition, but sometimes by affidavit - - that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335; *see also Scarlott*, 771 F.3d at 888; *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

10.   Plaintiff seeks "An award of actual, consequential, punitive, and compensatory damages on all counts…[c]osts of suit and reasonable attorney's fees." *See* Prayer, Section XVI, Ex. B.

11.   The Fifth Circuit has held that a request for punitive damages may itself support a finding that it is "facially apparent" the amount in controversy exceeds the threshold amount. *Allen*, 63 F.3d at 1336. Texas courts have held that because the Texas Labor Code permits punitive damages of $300,000 for a violation of the Texas Commission on Human Rights Act (Tex. Lab. Code § 21.2585(d)(4)), the amount in controversy is met where the plaintiff seeks punitive damages. *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005); *Watkins v. RSC Equipment Rental, Inc.*, 2011 WL 13234828 n. 1 (N.D. Tex. Jan. 31, 2011); *Burroughs v. Raytheon Tech. Svcs. Co.*, Case No. EP-06-CA-089-DB, 2006 U.S. Dist. LEXIS 16727 at *9 (W.D.N.Y Apr. 4, 2006); *Tovar v. Target Corp.*, Case No. SA-04-CA-0557-XR, 2004 U.S. Dist. LEXIS 20160 at *7-8 (W.D. Tex. 2004).

12.   Where, as here, a state statute provides for attorneys' fees, Tex. Lab. Code § 21.259, the fees are included as part of the amount in controversy. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Camargo v. Gino Morena Enterprises, LLC*, 2010 WL 3516186 at *3 (W.D. Tex. Sept. 2, 2010) (including request for attorneys' fees in determination that amount in controversy exceeded $75,000). Texas courts have held that a prayer for attorneys' fees for a violation of the Texas Commission on Human

Rights Act supports a conclusion that it is facially apparent that the claim exceeds the amount-in-controversy. *Acosta*, 400 F. Supp. 2d at 921; Tovar, 2004 U.S. Dist. LEXIS at *7-8; *Camargo*, 2010 WL 3516186 at *3.

13. Here, Plaintiff's claim that he was deprived of a $65,000 bonus plus the many different classifications of damages sought by Plaintiff make it facially apparent that his claim exceeds $75,000. See Ex. B at p. 7, Damages, Section XII, and Prayer, Section XVI. Additionally, Plaintiff's earnings in his last full year of employment exceeded $75,000. Thus, based on his earnings alone, Plaintiff's claim for "actual, consequential, punitive, and compensatory damages on all counts" meet the amount-in-controversy. When added to his claims for attorneys' fees, it is clear that if Plaintiff were to prevail on his claims, his damages would exceed $75,000.

## Additional Matters for Removal

14. Under 28 U.S.C. § 1441(a), venue lies in the United States District Court for the Southern District of Texas, Houston Division because the state action filed by Plaintiff was filed in this judicial district and division.

15. Pursuant to S.D. Tex. Local R. 81, this Notice of Removal is accompanied by copies of the following:

   a. All executed process in this case (Exhibit A);
   b. Pleadings asserting causes of action and defenses:
      i. Plaintiffs' Original Petition (Exhibit B);
   c. The state court docket sheet (Exhibit C);
   d. An index of documents being filed (Exhibit D); and
   e. A list of all counsel of record, including address, telephone numbers, and parties represented (Exhibit E).

16. Plaintiff's Original Petition contains a jury demand.

17. Defendant will promptly file this Notice of Removal with the clerk of the state court in which this action has been pending.

18. This Notice of Removal has been served on all properly named parties to the removed case.

## Conclusion

Defendant prays that this Court take jurisdiction of this action to the exclusion of any further proceedings in the state court and dismiss it with prejudice.

Respectfully submitted,

 */s/ Carolyn Russell*
Carolyn Russell
SBOT: 24003913
USDC SD/TX: 25141
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX  77002
713.655.0855
713.655.0020 (Fax)
carolyn.russell@ogletreedeakins.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**
Gauri Nautiyal
SBOT: 24117921
USDC SD/TX: 3150790
OGLETREE, DEAKINS, NASH
 SMOAK  & STEWART, P.C.
One Allen Center
500 Dallas, Suite 3000
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
Gauri.nautiyal@ogletreedeakins.com

## **CERTIFICATE OF SERVICE**

This is to certify that on September 24, 2021, the foregoing document was submitted for electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter Costea
4544 Post Oak Place, Suite 350
Houston, Texas 77027

peter@costealaw.com

ATTORNEY FOR PLAINTIFF

*/s/ Carolyn Russell*
Carolyn Russell