# Exhibit A

 CT Corporation

**Service of Process
Transmittal**
09/03/2021
CT Log Number 540188257

**TO:**      Amanda Smith
             Guideone Insurance Company
             1111 Ashworth Road-Mail Station A25
             West Des Moines, IA 50265

**RE:**      **Process Served in Texas**

**FOR:**     GuideOne National Insurance Company  (Domestic State: IA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NADIR K. DURRANI vs. GuideOne National Insurance Company |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 202150118 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/03/2021 postmarked on 09/01/2021 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/03/2021, Expected Purge Date: 09/08/2021 |
| | Image SOP |
| | Email Notification,  Sam Waters  swaters@guideone.com |
| | Email Notification,  Legal Requests  legalworkrequests@guideone.com |
| | Email Notification,  Brian Nelson  brian.nelson@guideone.com |
| | Email Notification,  Amanda Smith  asmith@guideone.law |
| | Email Notification,  Emily Edmundson  eedmundson@guideone.law |
| | Email Notification,  Pat Hart  phart@guideone.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
09/03/2021
CT Log Number 540188257

**TO:**    Amanda Smith
Guideone Insurance Company
1111 Ashworth Road-Mail Station A25
West Des Moines, IA 50265

**RE:**    **Process Served in Texas**

**FOR:**   GuideOne National Insurance Company  (Domestic State: IA)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Process Service USA
3620 Woodchase Dr
#23
Houston, Tx
77042

7019 2280 0000 6894 6871

U.S. POSTAGE PAID
FCM LG ENV
HOUSTON, TX
77393
SEP 21
AMOUNT
$8.56
R2305M144719-5
1000
75201

Guideone National Insurance Company
C/o CT Corporation System
1999 Bryan Street
Suite 900
Dallas, TX
75201



CAUSE NO.   2021501i3
RECEIPT NO.   896832
\*\*\*\*\*\*\*\*\*\*

0.00          MTA
TR # 73901852

PLAINTIFF: DURRANI, NADIR K
          vs.
DEFENDANT: GUIDEONE NATIONAL INSURANCE COMPANY

In The   113th
Judicial District Court
of Harris County, Texas
113TH DISTRICT COURT
Houston, TX

## CITATION

THE STATE OF TEXAS
County of Harris

TO: GUIDEONE NATIONAL INSURANCE COMPANY BY SERVING THROUGH ITS
    REGISTERED AGENT CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900    DALLAS   TX  75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 12th day of August, 2021, in the above cited cause number
and court. The instrument attached describes the claim against you

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you. In addition to filing a written answer with the
clerk, you may be required to make initial disclosures to the other parties of this suit. These
disclosures generally must be made no later than 30 days after you file your answer with the
clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued on 13th day of August, 2021, under my hand and
seal of said Court.

Issued at request of:
COSTEA, PETER
4544  POST OAK PLACE, SUITE 350

HOUSTON, TX  77027
Tel: (713) 337-4304
Bar No.: 4355900

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CHAMBERS, WANDA  ULW//11814787

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____County, Texas

_____
        Affiant

By _____
                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                    Notary Public

N.INT.CITR.F

**\*73901852\***

8/12/2021 6:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56271704
By: Brianna Denmon
Filed: 8/12/2021 6:08 PM

# 2021-50118 / Court: 113

Cause Nr.: _____

| | | |
|---|---|---|
| NADIR K. DURRANI, | S | IN THE DISTRICT COURT |
| Plaintiff | S | |
| | S | |
| v. | S | |
| | S | HARRIS COUNTY, TEXAS |
| GUIDEONE NATIONAL INSURANCE | S | |
| COMPANY | S | |
| Defendant | S | _____TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE STATE DISTRICT JUDGE:

COMES NOW NADIR K. DURRANI, Plaintiff, and complains of GUIDEONE NATIONAL INSURANCE COMPANY, Defendant, as follows:

I.

Plaintiff Nadir K. Durrani is an individual residing in Harris County, Texas.

Defendant GuideOne National Insurance Company, is an insurance company which may be served with process through its Registered Agent, CT Corporation System, at 1999 Bryan Street, Dallas, Texas 75201.

II.

## VENUE

Venue of this action is proper in Harris County, Texas because the parties to this lawsuit transact business in Harris County, Texas, the actions, events, and transactions which gave rise to the causes of action alleged herein took place in Harris County, Texas, and the causes of action alleged herein also accrued in Harris County, Texas.

III.

## NATURE OF THE LAWSUIT

This is a lawsuit for age, race, color, religion, and national origin discrimination in employment, as well as retaliation, and is brought pursuant to the Texas Commission on Human Rights Act, Chapter 21.001 et seq. of the Texas Labor Code, as amended (Vernon's Texas Codes

Page 2

Annotated 2010).

Defendant GuideOne National Insurance Company is a business entity engaged in an industry affecting commerce which has employed at least 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and therefore is an "employer" within the meaning of Chapter 21.002(8)(A) of the Texas Commission on Human Rights Act, as amended.

IV.

FACTS

Plaintiff is a Pakistani male born in 1956. His national origin is Pakistani and his religion is Islam. Defendant is an insurance company with a national presence. It employed the Plaintiff in Harris County, Texas between December 15, 2019 to November 4, 2020 when it fired him because of his age, national origin, color, race, and religion.

Plaintiff's Employment and Termination

Plaintiff hired on with the Defendant on December 15, 2019 as Head of Risk Engineering. Toward the end of his employment, Randy Thompson, who at that time was Plaintiff's direct report, authored a document titled Energy Fire Protection Guide. As Plaintiff had done in the past, he forwarded the document to Sam Waters, Deputy General Counsel of the Defendant, for review. The document was further sent for review to his immediate supervisor, Mark Groenheide, Senior Vice President of the Defendant, and to Adam Burger, Head of Defendant's MGU.

Waters found some references missing in the document and claimed that certain content in the document was plagiarized. Plaintiff disputed the plagiarism claims made against

Page 3

Thompson, his subordinate, but Waters seemed offended that Plaintiff would question him on his perceptions.

On November 4, 2020 Adam Berger, Head of MGU, and Katy Johnson, Human Resources Director, called the Plaintiff at home, after business hours and terminated his employment, claiming, erroneously, that Thompson plagiarized the document "under your command".

No investigation took place, and no one discussed the issue or alleged violations with the Plaintiff and no warning was issued. Thompson, too, was terminated. However, he, too, disputed the plagiarism allegation, was cleared of any wrong doing, and was reinstated the next day. Thompson is much younger than the Plaintiff, in his early 40s.

Plaintiff's expectation was that since Thompson had been cleared from any wrongdoing, he, too, would be reinstated. When Plaintiff was not reinstated, he realized that his termination had been deliberately planned in advance. Accusing Thompson of plagiarism was the pretext, proved wrong, to terminate the Plaintiff.

Plaintiff was intentionally singled out for termination. He had been told that he violated the company's code of conduct for plagiarism, which, ironically, is not even listed in the employee handbook as a violation. Waters accused the Plaintiff of plagiarizing contents on a document titled Mothballing Buildings During Covid-9, a document Plaintiff wrote months before and which was cleared, at that time, by the Legal Department and Waters himself.

As of the filing of Plaintiff's EEOC complaint on December 15, 2020, Defendant had not reinstated the Plaintiff, and the Mothballing document that was the basis of the accusations

Page 4

remained posted on the company's website: https://www.guideone.com/sites/default/files/2020-08/Mothballing_During_the_COVID-19_Pandemic.pdf

Defendant has never given the Plaintiff an opportunity to discuss his termination. He received no prior warnings other than the email from Waters regarding the plagiarism that Thompson was accused of. In fact, Plaintiff was not even given an opportunity to dispute the claim, unlike Thompson, and had been told by Katy Johnson, HR Manager, that she will not discuss the "review" and outcome involving other employees, alluding obviously to Thompson.

Culture of Plagiarism at GuideOne National Insurance Company

However, there was a culture of plagiarism at Defendant. The contents of all of Defendant's National Business Forms, Underwriting Guidelines, Quotes and Binders were all reproduced or copied from various insurance carriers. In several cases, 100 percent of the contents were taken from documents belonging to other insurance companies. On several occasions, Mark Groenheide, who was Plaintiff's direct supervisor, and a Senior Vice President of the company, would hand Plaintiff documents from brokers or from his former employers and ask the Plaintiff to "repurpose the document". This was the term he used to mean that Plaintiff was to take the other company's logo off and replace it with the GuideOne logo and use the document or form to conduct GuideOne business.

In September 2020, Groenheide asked Michelle Glasl, Defendant's Chief Information Officer, to purchase Optical Character Recognition, or OCR, software for the sole purpose to convert different types of documents for GuideOne business use. The software was to be used to scan, from various sources, paper documents, PDF files or images of scanned paper copies of forms and guidelines to convert into electronic media and copy the contents for GuideOne use.

Page 5

Upon Groenheide's request, Glast converted various paper documents belonging to various insurance companies and sent those over to the Plaintiff via email to copy those contents to produce GuideOne business documents. Copies of those emails, from Glast to the Plaintiff were kept in his Outlook inbox.

Furthermore, Groenheide provided copies of several quotes and binders from his previous employers, such as HDI, and instructed Jason Rollins, Head of Energy Underwriting, and Justin Reed, Head of Underwriting, to remove HDI logos and replace it with the GuideOne logo. Those quotes and binders were being used by Defendant to conduct its business while Plaintiff was still employed with the Defendant.

Defendant Discriminates against the Plaintiff

Plaintiff was set up intentionally by his supervisor to be terminated for discriminatory reasons. Why out of the whole company, a document was reviewed with a magnifying glass to find any signs of plagiarism while every document in the whole department was being plagiarized?

When Plaintiff authored the document in question, he followed the procedure in place, sending the document to Groenheide, his then supervisor, for his review, to the Legal Department for its review and to the Marketing Department for formatting. Groenheide called the formatting process "to dress it up". Curiously, while this was going on, Defendant's Legal Department did not find any issues when initially reviewing the documents.

In the documents Plaintiff created he had included all references used during his research. It was never disclosed or discussed with him as to what contents had missing references. Plaintiff provided a full list of applicable references.

Page 6

The Marketing Department made significant changes, including adding photos rephrasing, adding and deleting the contents, and Plaintiff would not see the document after it left his computer, including any changes, until the document was published.

However, as it will be seen, all of this was pretext for discrimination.

On September 24, 2020 at a GuideOne managers meeting with department heads Nigel Spain, Kent McCampbell, and Justin Reed, in attendance along with Katy Johnson (HR) and Nicole Lee (HR), Groenheide announced the departure of Jason Rollins who had resigned.

Groenheide said, "going forward we need to hire younger employees. Older employees are lazy and like the status quo and are stuck in their old ways. Younger employees work harder."

On September 25, 2020 Plaintiff called Kent McCambell and expressed his concern about Groenheide's comments regarding the older employees in their last meeting. McCambell had the same concerns.

There have also been promotions of younger employees: Neeraj Jeswani age 27, Justin Reed age 32 and Adam Berger age 35. Groenheide himself was 37 years old when Plaintiff worked for the Defendant.

During Covid-19 work at home orders, Groenheide scheduled two weekly calls with the Plaintiff. Plaintiff was supposed to call him to initiate the meetings. Groenheide never picked up or answered Plaintiff's calls once during all those months. Instead, Groenheide assigned work to the Plaintiff through Neeraj. He would not directly communicate with the Plaintiff even though Plaintiff was his direct report.

Page 7

Plaintiff caught Coved 19 in May 2020 and reported this to Groenheide, his supervisor at the time, and to Human Resources. No one ever contacted the Plaintiff or checked on him with any words of sympathy or a get well note. That showed a total lack of sympathy and care towards the Plaintiff.

Groenheide, who has a Jewish heritage, frequently expressed during conversations – "I hate fucking Germans". Plaintiff felt humiliated at those comments and felt targeted because he found out that Plaintiff was a Muslim of Pakistani heritage.

Plaintiff worked 70 to 80 hours a week, weekends and late nights to single handedly provide engineering support to the underwriting department that produced $200 million in Gross Written Premium (GWP) during the first three quarters of 2020.

Conveniently, just a month before Plaintiff would qualify for $65,000 in an annual bonus, he was targeted with a baseless allegation and terminated. This deprived the Plaintiff of his bonus.

Plaintiff was treated as an outcast because he did not fit in due to his age, race, color ethnicity and foreign accent in an almost all white corporation.

As a result of Plaintiff's individual contributions and engineering support, GuideOne National underwrote over 400 accounts in the first three quarters of 2020 that resulted in a 400% gain in Gross Written Premium in the Company's Specialty book of business.

To grow the Risk Engineering Department, Plaintiff recruited Randy Thompson in June 2020. Plaintiff trained him for the job and taught him all the policies and procedures. The moment Defendant felt that Thompson, a much younger Caucasian engineer, was able to support

Page 8

its business, it terminated the much older Plaintiff, a person of a foreign national origin and a member of the Islamic faith.

Plaintiff was replaced with a much younger employee in his mid twenties. This is reflected on the Defendant's website, where Plaintiff's profile was replaced with an under qualified and much younger employee who is in his mid twenties.

Subsequent to his termination Plaintiff timely filed against Defendant a charge of age, race, color, national origin, and religion discrimination, as well as retaliation, with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR"). The charge was filed on December 15, 2020.

Plaintiff has filed this action within the two-year statute of limitations provided for in the Texas Commission on Human Rights Act, as amended, as codified in the Texas Labor Code, as amended.

V.

## PLAINTIFF'S CAUSE OF ACTION FOR AGE DISCRIMINATION

Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for age discrimination and unlawful termination of employment under the Texas Commission on Human Rights Act, as amended.

At all times relevant to this lawsuit Plaintiff was, on account of his age, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of his employment than its nonprotected employees because of his age. Plaintiff's age was a motivating factor in the Defendant's decision to terminate his employment. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of

Page 9

action.

VI.

PLAINTIFF'S CAUSE OF ACTION FOR RACE DISCRIMINATION

Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for race discrimination and unlawful termination of employment under the Texas Commission on Human Rights Act, as amended.

At all times relevant to this lawsuit Plaintiff was, on account of his race, Asian, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of his employment than its nonprotected employees because of his race. Plaintiff's race was a motivating factor in the Defendant's decision to terminate his employment. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VII.

PLAINTIFF'S CAUSE OF ACTION FOR NATIONAL ORIGIN DISCRIMINATION

Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for national origin discrimination and unlawful termination of employment under the Texas Commission on Human Rights Act, as amended.

At all times relevant to this lawsuit Plaintiff was, on account of his national origin, Pakistani, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of his employment than its nonprotected employees because of his national origin. Plaintiff's national origin was a motivating factor in the Defendant's decision to terminate his employment. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Page 10

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VIII.

PLAINTIFF'S CAUSE OF ACTION FOR DISCRIMINATION BASED ON COLOR

Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for color based discrimination and unlawful termination of employment under the Texas Commission on Human Rights Act, as amended.

At all times relevant to this lawsuit Plaintiff was, on account of his color, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of his employment than its nonprotected employees because of his color. Plaintiff's color was a motivating factor in the Defendant's decision to terminate his employment. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

IX.

PLAINTIFF'S CAUSE OF ACTION FOR RELIGIOUS DISCRIMINATION

Plaintiff reincorporates by reference all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for religious discrimination and unlawful termination of employment under the Texas Commission on Human Rights Act, as amended.

At all times relevant to this lawsuit Plaintiff was, on account of his religion, Islam, a member of a protected class. Defendant treated Plaintiff less favorably in the terms and conditions of his employment than its nonprotected employees because of his religion. Plaintiff's religious identity was a motivating factor in the Defendant's decision to terminate his

Page 11

employment. This discrimination is the proximate cause of both economic and mental damages suffered by the Plaintiff.

Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

X.

PLAINTIFF'S CAUSE OF ACTION FOR RETALIATION

Plaintiff further realleges the factual allegations set forth above and would show that Defendant is additionally liable to him for retaliation and unlawful termination of employment under the Texas Commission on Human Rights Act, as amended.

In opposing and complaining about discrimination internally, Plaintiff opposed unlawful and discriminatory actions of the Defendant thereby becoming a member of a protected group. He engaged in protected actions for which Defendant was disallowed to retaliate or terminate his employment or to make the terms and conditions of his employment more onerous because of his opposition to Defendant's unlawful practices. Defendant discontinued Plaintiff's employment because he opposed and reported discrimination.

As a result of the retaliatory actions and unlawful termination of his employment, Plaintiff suffered extensive monetary and mental damages.

Plaintiff satisfied all procedural and jurisdictional prerequisites for bringing this cause of action.

XI.

REQUEST FOR JURY

Plaintiff hereby requests a trial by jury and tenders the jury fee.

XII.

DAMAGES

Plaintiff is now suffering and will continue to suffer irreparable injury, monetary, actual, consequential, and compensatory damages as a result of Defendant's wrongful actions unless and

Page 12

until this court grants relief.

Plaintiff further pleads that Defendant's discriminatory actions against him were perpetrated with malice or with reckless indifference for his rights. As such Plaintiff moves the court for exemplary damages.

XIII.

CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure all conditions precedent to Plaintiff's right to recover damages against the Defendant recited herein have occurred or have been performed.

XIV.

ATTORNEY'S FEES

Defendant's refusal to abide by its obligations has made it necessary for the Plaintiff to employ the undersigned attorney to file this lawsuit. As such, Plaintiff requests the court to award a reasonable fee for the attorney's services rendered and to be rendered herein under both customary and statutory law.

XVI.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nadir K. Durrani respectfully requests that Defendant GuideOne National Insurance Company be cited to appear and answer and that on final trial Plaintiff be granted relief as follows:

1.      Judgment against the Defendant in an amount in excess of the minimum jurisdictional limits of this court;

2.      Judgment declaring that the actions and practices described herein violate the Texas Commission on Human Rights Act, as amended;

3.      Judgment enjoining and permanently restraining these violations;

4.      Reinstatement;

Page 13

      5.     An award of actual, consequential, punitive, and compensatory damages on all counts;

      6.     Costs of suit and reasonable attorney's fees;

      7.     Prejudgment and postjudgment interest as provided by law; and

      8.     Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

      Respectfully submitted,

      BY: //ss// *peter costea*

      _____

      Peter Costea
      TBN 04855900
      4544 Post Oak Place, Suite 350
      Houston, Texas 77027
      Tel. 713-337-4304
      Fax 713-237-0401
      Email: peter@costealaw.com
      ATTORNEY FOR PLAINTIFF
      NADIR K. DURRANI